IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT J. SANCHEZ,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6884 |
| | : | |
| **BUTTERWORTH,** *et al.*, | : | |
|     Defendants. | : | |

**ORDER**

AND NOW, this 18th day of March, 2025, upon consideration of Plaintiff Vincent J. Sanchez's Motion to Proceed *In Forma Pauperis* (ECF No. 8), Prisoner Trust Fund Account Statement (ECF No. 9), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Vincent J. Sanchez, #2012-2692, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Berks County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Sanchez's inmate account; or (b) the average monthly balance in Sanchez's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Sanchez's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Sanchez's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Berks County Prison.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Sanchez's claims, with the exception of his Fourteenth Amendment excessive force claims against Defendants Butterworth and Rushin, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. The Clerk of Court is **DIRECTED** to send Sanchez a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

7. Sanchez is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim for the claims that have been dismissed without prejudice.  **If Sanchez files an amended complaint, his amended complaint must be a complete document that includes the factual basis for each of Sanchez's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  This means that if Sanchez files an amended complaint, he must include allegations related to his excessive force claims against Operator Butterworth and Operator Rushin, which have not been dismissed, if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case because the amended complaint becomes the pleading upon which the case will proceed.**  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Sanchez's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 24-6884.

When drafting his amended complaint, Sanchez should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Sanchez does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Butterworth and Rushin only. Sanchez may also notify the Court that he seeks to proceed only on these excessive force claims rather than file an amended complaint. If he files such a notice, Sanchez is reminded to include the case number for this case, 24-6884.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

S/ WENDY BEETLESTONE

**WENDY BEETLESTONE, J.**